**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY GONZALES SMITH, | No. 14-55988 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05198-CW |
| v. | |
| HERITAGE RANCH OWNERS ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Carla M. Woehrle, Magistrate Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: W. FLETCHER, and GOULD, Circuit Judges, and LEMELLE,[**] District
Judge.

Smith appeals the district court's grant of summary judgment to defendants

on her claim under 42 U.S.C. § 1983.  Smith also appeals the jury verdict for

defendants on her claim under 42 U.S.C. § 1982.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Ivan L.R. Lemelle, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

1.      The district court properly granted summary judgment on Smith's claim under 42 U.S.C. § 1983.  The record does not show that the defendants were performing a public function that is "traditionally the *exclusive* prerogative of the state," *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)), or that there exists "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself,'" *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson* , 419 U.S. at 351).  The conduct of Heritage Ranch Owners Association and its security guards was private and not state action.

2.      The district court did not err by instructing the jury that § 1982 protected against interference with the right to "use" property rather than the right to "enjoy the benefits" of property.  *See City of Memphis v. Greene*, 451 U.S. 100, 120 (1981) (explaining that § 1982 protects the "right to acquire and use property"); *United States v. Brown*, 49 F.3d 1162, 1166 (6th Cir. 1995) (explaining that § 1982 protects the right "to hold and use real property"); *United States v. Greer*, 939 F.2d 1076, 1091 (5th Cir. 1991) (defining "to hold" property as "to use" property), *reinstated in relevant part*, 968 F.2d 433 (5th Cir. 1992) (en banc).  There were disputed facts presented at trial that a jury might have credited one way

or the other.  But proper respect for the role of a jury in our system of law requires us to defer to the jury's judgment on the facts once it is properly instructed. Because we conclude there was no jury instruction error as to the "use" of property, we must affirm.

**AFFIRMED.**